IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRAQ TELECOM LIMITED | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 24-3728 |
| | : | |
| SIRWIN SABER MUSTAFA, | : | |
| KOREK TELECOM COMPANY LLC, and | : | |
| KOREK INTERNATIONAL | : | |
| (MANAGEMENT) LIMITED | : | |

MEMORANDUM

**SURRICK, J.**                                                       **AUGUST 22, 2024**

Presently before the Court is Iraq Telecom Limited's ("Iraq Telecom") Motion to Confirm Foreign Arbitration Award ("Motion to Confirm"). (ECF No. 2.) This Motion was originally filed in the miscellaneous action captioned *In re: Ex Parte Application of Iraq Telecom For an Order to Obtain Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782*, 19-mc-175-RBS ("Section 1782 Action").[1] (ECF No. 115.) Iraq Telecom seeks confirmation of the arbitration award pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, June 10, 1958, as implemented, 9 U.S.C. §§ 201-208 ("New York Convention"), and the Federal Arbitration Act, 9 U.S.C. §§ 1-14 ("FAA"). For the following reasons, the Motion to Confirm will be granted.

---

[1] As discussed further, *infra*, on August 2, 2024, the Court issued an Order directing the Clerk of Court to open this civil action (*see* ECF No. 1, as amended, ECF No. 3) and to docket the Motion to Confirm herein. (*See* ECF No. 2).

I.   **BACKGROUND**[2]

    A.   **The Section 1782 Action**

On November 5, 2019, Iraq Telecom Limited filed the *ex parte* Section 1782 Action seeking an Order to take discovery from Dechert LLP for use in a then-pending foreign arbitration proceeding administered by the International Chamber of Commerce (the "ICC") and in a contemplated proceeding in the United Kingdom. (Section 1782 Mem., ECF No. 1-1, at 1.) Iraq Telecom instituted the ICC Arbitration against Sirwan Saber Mustafa ("Mustafa"), Korek International (Management) Limited ("CS Ltd."), and Korek Telecom Company LLC ("Korek") (collectively, "Intervenors") alleging various breaches and malfeasance in connection with the parties' business transactions. (*Id*. at 19-20.) Iraq Telecom sought the requested Section 1782 discovery in this Court because Dechert resides in this district. (ECF No. 1-1 at 23.) We granted Iraq Telecom's § 1782 Application on December 5, 2019. (ECF No. 11.)

On July 1, 2022, Mustafa, CS Ltd., and Korek moved to intervene in the Section 1782 Action as of right and/or permissively pursuant to Federal Rule of Civil Procedure 24. (ECF No. 82.) They separately filed an Application Pursuant to 28 U.S.C. § 1782 For an Order to Take Discovery From Dechert LLP For Use In a Foreign Proceeding and Motion for Expedited Discovery. (ECF No. 83.) Intervenors argued that because Iraq Telecom intended to use the discovery obtained from Dechert against them in the ICC Arbitration, they had a right to intervene and submit an application pursuant to 28 U.S.C. 1782 to obtain that discovery. (ECF No. 82 at 1-2; ECF No. 83 at 1-6.) Intervenors' Motion and § 1782 Application were granted on

---

[2] For ease of reference, and unless otherwise noted, record citations hereinafter are to filings in the Section 1782 Action.

2

March 8, 2023.  (ECF Nos. 101, 102.)

### B.     The Arbitration Award and Motion to Confirm

On April 7, 2023, Iraq Telecom filed a letter advising the Court that the ICC Arbitration tribunal had issued a Final Award in favor of Iraq Telecom and against Intervenors in the total amount of $1.65 billion.  (ECF No. 105.)  On July 3, 2023, Iraq Telecom filed the instant Motion to Confirm and supporting Memorandum of Law (ECF Nos. 115, 115-1), with attached copies of the Final Award and the parties' agreements, including agreements to arbitrate, referenced therein.  (ECF Nos. 115-3-115-6.)  Also accompanying the Motion to Confirm was a Certificate of Service stating that on July 3, 2023, true and correct copies of Iraq Telecom Limited's Motion and all papers submitted in support thereof were electronically filed and may be viewed and downloaded from ECF.  (ECF No. 115-9.)  Intervenors did not file a response to the Motion or request an extension of time in which to respond.  (*See* ECF No. 118.)  On August 24, 2023, Iraq Telecom, on behalf of itself and International Holdings Limited, requested the entry of default against the Intervenors for failure to defend.  (ECF No. 119.)

On September 22, 2023, more than two months after Iraq Telecom filed its Motion to Confirm, counsel for the Intervenors moved to withdraw from the Section 1782 Action, with their clients' consent.  Counsel asserted that the action was adjudicated when the discovery applications were granted and claimed that their withdrawal would not prejudice any party, interfere with the administration of justice, or "delay *this § 1782 action*."  (Mot. to Withdraw, ECF No. 121 at 1-2) (emphasis added).  In moving to withdraw, counsel did not directly reference Iraq Telecom's Motion to Confirm.  Instead, they contended that Intervenors had discharged counsel because the "limited purpose" of their engagement "was achieved when [they] obtained] the March 8, 2023 Order" granting Interveners' Motion to Intervene and § 1782

3

Application, and that "Interveners did not authorize [counsel] to accept service or otherwise consent to the jurisdiction of this Court over Interveners under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, June 10, 1958, as implemented, 9 U.S.C. §§ 201-208, . . . and the Federal Arbitration Act, 9 U.S.C. §§ 1-14, . . . , as related to confirmation of the Final Award." (Mot. to Withdraw at 4, n.2; *see also* Sullivan Decl., ECF No. 121-1, ¶ 8.)  Iraq Telecom filed a Response in opposition to the Motion to Withdraw, Intervenors filed a Reply, and Iraq Telecom filed a Surreply. (ECF Nos. 123, 124, 125.) The Motion to Withdraw is pending.

## II. DISCUSSION

### A. The Motion to Confirm Should Be Addressed in a Civil Action and Is Properly Before This Court.

Federal district courts have subject matter jurisdiction over motions to confirm arbitration awards under the New York Convention, as implemented by Chapter 2 of the FAA. *See, e.g., Jiangsu Beier Decoration Materials Co., Ltd. v. Angle World LLC*, 52 F.4th 554, 559 (3d Cir. 2022) (citing 28 U.S.C. § 1331 and 9 U.S.C § 203 and noting that a recipient of foreign arbitration award may petition a district court to enforce it). However, as noted above, we determined that the Motion to Confirm should be addressed in a civil action, rather than in the miscellaneous Section 1782 Action in which it was initially filed. Although on-point authority on this issue is limited, our conclusion is consistent with available guidance and the rulings of other courts.

Initially, we and other courts have looked to the District Clerks' Manual, which is published by the Administrative Office of the United States Courts and sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket. *See https://jnet.ao.dcn/policy-*

4

*guidance/district-clerks-manual/chapter-3-case-management* (last visited August 12, 2024). At the time of filing, civil matters are classified "as either civil or miscellaneous cases depending on the nature of the relief sought in the initiating document. At a later point, a miscellaneous case may become a contested proceeding, and will then be assigned a civil case number for statistical purposes." *Id*. § 3.02.a. The Manual explains that, in general, "[a] miscellaneous number is assigned to ancillary and supplementary proceedings not defined as civil actions." *Id*. § 4.03.a.1.(i). The Manual further provides:

> Miscellaneous numbers are assigned to a variety of matters filed with the court which are not properly considered civil or criminal cases. These matters, however, may be directly or indirectly related to civil or criminal cases pending within the district or another district. In general, miscellaneous actions are used for administrative matters that require resolution through the judicial system.

*Id.* As the Third Circuit has noted, motions to confirm arbitral awards are "not listed among the 15 types of miscellaneous filings identified" in the Manual. *Pieczynski v. Commonwealth of Pennsylvania*, No. 21-1960, 2021 WL 5745694, at *1 (3d Cir. Dec. 2, 2021) (citing District Clerk's Manual § 4.03(a)(1) and affirming district court dismissal of confirmation motion filed in miscellaneous action after movant failed to pay civil action filing fee as ordered).

Moreover, the Third Circuit observed, "[t]he few District Courts to have addressed the issue have concluded that an application to confirm an arbitration award is not a miscellaneous filing." *Id.* (citing *Rodrick v. Kauffman*, 455 F. Supp. 3d 546, 548 (M.D. Tenn. 2020)); *see also Rushotel Liab. Co. v. Eagles of USA, Inc.*, No. 11-267, 2011 WL 1630069, at *1 (E.D.N.Y. Mar. 25, 2011) (noting that after petitioner initially filed a miscellaneous action seeking confirmation of a foreign arbitral award, the clerk of court was directed to open a civil action, docket all future filings therein, and close the miscellaneous action), *report and recommendation adopted as modified*, No. 11-267, 2011 WL 1628034 (E.D.N.Y. Apr. 28, 2011). Finally, the Third Circuit

expressly stated in *Pieczynski*:

> We have recently characterized an application to confirm an arbitration award as a "summary proceeding." *Teamsters Local 177 v. United Parcel Serv.*, 966 F.3d 245, 252 (3d Cir. 2020). We are satisfied that a "summary proceeding" qualifies as a "proceeding" under § 1914(a).

*Id.*

While procedurally we rule on this Motion in a separate civil action, the parties are not required to satisfy the requirements of formal pleadings, such as the filing and service of a summons and complaint. *See Teamsters Local 177*, 966 F.3d at 254; *see also Jiangsu*, 52 F.4th at 560 ("[B]ecause, by statute, an application to confirm a foreign arbitration award must 'be made and heard in the manner provided by law for the making and hearing of motions,'" many of the procedural rules of civil litigation are inapplicable to petitions under the New York Convention (citing 9 U.S.C. § 6)); *TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 940 (D.C. Cir. 2007) ("[M]otions to enforce arbitral awards should proceed under motions practice, not notice pleading."). "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Teamsters Local 177*, 966 F.3d at 248 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). "[Summary proceedings] may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even ex parte." *Id*. at 254 (quoting *New Hampshire Fire Ins. Co. v. Scanlon*, 362 U.S. 404, 406 (1960)). "[T]he FAA provides for confirmation proceedings to be summary proceedings . . . by requiring that the parties 'apply' for confirmation rather than file a complaint." *Id*. An application is a motion or "a request for the court to make a particular ruling or enter a particular order." *Id*.; *see also TermoRio S.A. E.S.P.*, 487 F.3d at 940 ("[A]n arbitration award under the Convention may be

enforced by filing a petition or application for an order confirming the award supported by an affidavit. The hearing on such a petition or application will take the form of a summary procedure in the nature of federal motion practice.")

Here, the Intervenors received notice of Iraq Telecom's Motion to Confirm by virtue of its filing in the miscellaneous Section 1782 Action, and they did not object or respond to it. "[A] petition to confirm an arbitration award ... is 'a motion, not a pleading[,]'" and although we have determined that the Motion to Confirm is appropriately adjudicated in a separate civil action, Iraq Telecom was not required to satisfy the Federal Rules of Civil Procedure governing pleadings. *Jiangsu*, 52 F.4th at 560 (quoting *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 243 (3d Cir. 2021), and noting that the Federal Rules of Civil Procedure governing pleadings are inapplicable to FAA motions).

      **B.**      **Intervenors Submitted to This Court's Jurisdiction and Waived Any Objections to Personal Jurisdiction.**

While it is true that a district court must have personal jurisdiction over the parties to enforce a foreign arbitral award, *see Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 178-79 (3d Cir. 2006), a party may be deemed to have consented to personal jurisdiction or waived any challenge to the court's exercise of jurisdiction over it. Pursuant to Federal Rule of Civil Procedure 12(h), the defense of lack of personal jurisdiction can be waived if not raised in a timely fashion. *In re Asbestos Prod. Liab. Litig. (No. VI)*, 921 F.3d 98, 105 (3d Cir. 2019) (citing Fed. R. Civ. P. 12(h)). We find that Intervenors have waived any defense to the Court's personal jurisdiction over them by failing to timely raise it. As noted above, Intervenors failed to file any response or objection to the Motion to Confirm on any grounds and only obliquely referenced personal jurisdiction in their counsel's Motion to Withdraw filed more than two

7

months after Iraq Telecom filed the Motion to Confirm. Moreover, even had it been timely, the Motion to Withdraw merely asserts that Intervenors did not authorize counsel to "accept service or otherwise consent to the jurisdiction of this Court"; it is devoid of grounds for or authority to sustain a challenge to personal jurisdiction.

Untimeliness aside, "[p]recedent of the Supreme Court and [the Third Circuit] . . . holds that the right to assert a personal jurisdiction defense can be affirmatively and implicitly waived through conduct." *In re Asbestos Prod. Liab. Litig*. (921 F.3d at 105. A party that "actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum" is deemed to have consented to personal jurisdiction, as is a party that seeks affirmative relief from the court. *Id.* Here, Intervenors moved to participate in the Section 1782 Action under Federal Rules of Civil Procedure 24(a) and 24(b). *See Coleman v. Kaye,* 87 F.3d 1491, 1498 (3d Cir. 1996) (holding that a district court improperly vacated judgment against a county based on lack of personal jurisdiction where the county had intervened in an action, submitted to the court's jurisdiction, and waived any challenge to personal jurisdiction); *see also Gradel v. Piranha Capital, L.P.,* 495 F.3d 729, 731 (7th Cir. 2007) (holding that "the receiver intervened in the Chicago suit and by doing so submitted himself to the jurisdiction of the court in which that suit was pending."); *In re Bayshore Ford Trucks Sales, Inc.,* 471 F.3d 1233, 1249 (11th Cir. 2006) (observing that a party invited the court's exercise of personal jurisdiction by moving for intervention); *Cty. Sec. Agency v. Ohio Dep't of Commerce*, 296 F.3d 477, 483 (6th Cir. 2002) (holding that intervenor "attempted in his motion to intervene to reserve his right to object to the district court's exercise of personal jurisdiction. This attempt, however, was unsuccessful, because a motion to intervene is fundamentally incompatible with an objection

to personal jurisdiction.").

Moreover, Intervenors also separately filed a Section 1782 Application, as well as several motions to seal, seeking affirmative relief from the Court. "[W]here a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter."  *In re Asbestos Prod. Liab. Litig.*, 921 F.3d at 105; *see also In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3d Cir. 1994) (finding that parties submit to personal jurisdiction when they "demonstrate[] a willingness to engage in extensive litigation in the forum."); *Olympic Sports Data Servs., Ltd. v. Maselli*, No. 07-117, 2009 WL 693629, at *3 (E.D. Pa. Mar. 16, 2009) ("A [party's] initiation of litigation can be described as nothing less than a demonstrated willingness to engage in actual litigation in the forum."); *Patton Boggs LLP v. Chevron Corp.*, No. 12-901, 2012 WL 6568461, at *3 (D.N.J. July 18, 2012) (holding that personal jurisdiction is appropriate in a federal district where a party has "availed itself of that District with regard to multiple matters arising from this ongoing legal dispute" including a Section 1782 application); *In re Application of Chevron Corp.*, 736 F. Supp. 2d 773, 786-87 (S.D.N.Y. 2010) (detailing that by virtue of intervening in a Section 1782 proceeding, the intervenor "subjected themselves to the personal jurisdiction of this Court").

### C. The Foreign Arbitration Award is Confirmed

The New York Convention, as implemented by Chapter 2 of the FAA, permits the recipient of a foreign arbitration award to petition a district court to enforce it.  *See, e.g.*, *Jiangsu*, 52 F.4th at 559 (citing New York Convention and FAA §§ 201-208).  For a district court to recognize a foreign arbitral award, a party must present a duly authenticated original award or a certified copy, and the original arbitration agreement or a certified copy.  New York

9

Convention Art. IV(1).  "Under the Convention, a district court's role is limited—it must confirm the award unless one of the grounds for refusal specified in the Convention applies to the underlying award."  *Admart AG v. Stephen & Mary Birch Found., Inc*., 457 F.3d 302, 307 (3d Cir. 2006), *as amended on reh'g* (Sept. 28, 2006).

An "arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial" and not "entirely between citizens of the United States" falls under the New York Convention.   9 U.S.C. § 202; *see also Standard Bent Glass Corp. v. Glassrobots Oy*, 333 F.3d 440, 449 & n.13 (3d Cir. 2003).   Here, the arbitral award arises out of the parties' legal relationship that is commercial in nature because the ICC Arbitration concerns various breaches and malfeasance in connection with the parties' business transactions.   (1782 Mem. at 19-20.)   All parties to the ICC Arbitration and the subsequent award are non-U.S. citizens, and the ICC Arbitration occurred in the United Arab Emirates, which is a party to the New York Convention.

"Article V of the Convention sets forth the grounds for refusal, and 'courts have strictly applied the Article V defenses and generally view[ed] them narrowly.'"  *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Acct*., 618 F.3d 277, 291 (3d Cir. 2010), *as amended* (Dec. 7, 2010) (quoting *Admart AG*, 457 F.3d at 308).   Article V of the New York Convention specifies seven grounds for refusing to confirm an arbitral award:

> 1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes the competent authority where the recognition and enforcement is sought, proof that:
>
> (a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
>
> (b) The party against whom the award is invoked was not given proper notice of

the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or

(c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separate from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or

(d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

(e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:

(a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or

(b) The recognition or enforcement of the award would be contrary to the public policy of that country.

New York Convention Art. V. The Intervenors have not objected to the confirmation of the arbitral award, and we are satisfied that none of the grounds of refusal are applicable. (*See* Mot. at 12-14.) Accordingly, the Motion to Confirm is granted.

## III. CONCLUSION

For the foregoing reasons, Iraq Telecom's Motion to Confirm is granted. An appropriate Order follows.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**
